**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **PATT HOLLIS III, et al.,** | : | Case No. 1:05CV0705 |
| **Plaintiffs,** | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **HI-PORT AEROSOL, INC., et al.,** | : | **OPINION AND ORDER** |
| **Defendants.** | : | |

Though initiated in the Cuyahoga County Court of Common Pleas, this action was removed to this Court on March 10, 2005. In April, 2005, plaintiffs filed a Motion to Remand, asserting that removal is barred by 28 U.S.C. § 1446(b), which prohibits removal of claims on diversity grounds more than one year after an action is commenced. Defendants contend that §1446(b), neither requires nor counsels remand in the unique circumstances of this case. After briefing and oral argument, the Court concludes that remand of this action is appropriate. Plaintiffs' Motion to Remand (docket no. 10) is hereby **GRANTED**; this matter is **REMANDED** to the Cuyahoga County Court of Common Pleas.

**I.**

Plaintiffs filed a state-court complaint against Hi-Port Aerosol, Inc. ("Hi-Port") and certain other defendants on September 18, 2001, asserting that severe injuries he suffered while working for Hi-Port were

the result of unsafe working conditions. Following a bench trial, the trial court entered a verdict in favor of plaintiffs and against defendant Hi-Port, awarding plaintiffs collectively $8.9 million in compensatory damages. The claims against the other defendants, including Rhinopak, L.P. ("Rhinopak"), a defendant here, were voluntarily dismissed without prejudice prior to trial, pursuant to Ohio Rule of Civil Procedure 41(A).

Because Hi-Port had ceased doing business and, thus, was not available to satisfy plaintiffs' judgments, plaintiffs sought appointment of a receiver for purposes of attempting to marshal assets from other sources, including possible insurance proceeds. The state court granted that motion in January, 2005, appointing Francis E. Sweeney, Jr. as Receiver.

In February, 2005, the plaintiffs sought leave to file a supplemental complaint against defendants Rhinopak, Aon Risk Services of Texas, Inc. ("Aon"), Zurich North America ("Zurich") and Steadfast Insurance Co. ("Steadfast"). At this same time, the Receiver sought to intervene in the action for purposes of joining in those claims. The state court granted both motions and the supplemental complaint was filed. All defendants in the supplemental complaint joined in removal of the action to this Court, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. The current Motion to Remand followed.

## II.

28 U.S.C. § 1446(b) says:

> If the case stated by the initial pleading is not removable, notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable, **except that a case may not be removed on the basis of jurisdiction conferred by Section 1332 of this title more than 1 year after commencement of the action.** [Emphasis added].

2

Though the state court docket clearly reflects that state case number CV-01-448849, the case which is the subject of the defendant's Notice of Removal, was filed on September 18, 2001, defendants assert that removal is <u>not</u> barred by the terms of § 1446(b). Defendants assert that § 1446(b) does not govern the action before this Court because, despite bearing the same case number, this is actually a new action commenced in February of this year and is not a continuation of case number CV-01-44889. Defendants say that they legitimately may take this position for a number of reasons.

First, defendants (or some of them) argue that, while it is true that plaintiffs asserted the current claims against them in the context of a "supplemental complaint" in the original action, the state trial court actually never authorized the filing of that <u>particular</u> supplemental complaint. Defendants claim that, to the extent the trial court authorized anything, it authorized the assertion of claims against defendant Aon only and did not authorize either plaintiffs or the Receiver to assert claims against Rhinopak, Steadfast or Zurich. On this point, Rhinopak argues, moreover, that, even if one could argue that the state court contemplated the possibility that insurance-related claims would be filed against a number of entities, it never authorized the filing of successor liability claims in that same action. Defendants rely on certain state court docket and judgment entries which do seem to limit the authorization to file a supplemental complaint to claims against Aon, or possibly to claims relating to the alleged failure to procure and maintain appropriate insurance coverage.

While the docket and journal entries are less than clear, however, plaintiffs are correct that: (1) they and the Receiver sought leave to file <u>all</u> the claims appearing in the supplemental complaint, (2) they provided the state court with notice of their proposed claims, both by describing them in their motion and by attaching the proposed supplemental complaint thereto, and (3) there is at least one judgment entry granting <u>without limitation</u> their Motion to file a Supplemental Complaint. Given these facts and the fact that the complaint was

3

accepted for filing and never stricken by the state court, this Court has no reason to question the scope of the authority granted. There is simply no evidence that the state court sought to limit the Receiver's ability to marshal whatever assets he could to attempt to satisfy the court's underlying judgment. The Court finds that the state court did authorize the filing of all claims asserted in this action.

Defendants next argue that even if it did purport to authorize the current claims, the state court did not have the authority to allow those claims against them to be filed in the context of the original action. Defendants ask this Court to interpret Ohio law and conclude that the state trial court acted outside the bounds of its legal authority, both when it authorized the appointment of a Receiver for the purposes designated in its order and when it allowed the filing of the supplemental complaint post-judgment. Defendants then ask this Court fo find that, because the trial court did not have the authority under state law to authorize the supplemental complaint against them, that complaint must be re-characterized as a newly-commenced action. And, of course, defendants ask this Court to conclude that, as a newly-commenced action, § 1446(b) does not bar its removal.

The problem with the defendants' position is that they are not just asking this Court to interpret state law and apply it to the facts before it (a not-unusual Federal Court experience), they are asking this Court to conclude that the state court's prior interpretation of state law on these very facts was incorrect. Rightly or wrongly, it is clear that the state court concluded that it <u>did</u> have the authority to appoint a Receiver in the circumstances of this action and that it <u>did</u> have the authority to allow that Receiver to pursue a post-judgment supplemental complaint against these defendants. The defendants did not seek reconsideration of the orders implementing those conclusions and made no effort to have them reviewed by the state Court of Appeals. Instead, by their removal to this Court and their opposition to plaintiffs' Motion to Remand, they ask this Court

4

to review the validity of those state court judgments.

Despite defendants' invitation to do so, however, this Court should not and will not act as a super state Court of Appeals. See e.g., *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 467 (1982); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Here, the Common Pleas Court undoubtedly had jurisdiction to appoint a Receiver and interpret state law when deciding what authority to confer upon that Receiver. It did so, and entered orders accordingly. Even if erroneous, this Court may neither reverse nor ignore the effect of those orders. Hence, the Court finds that the only action before it – state case number CV-01-448849 – is an action which was "commenced" in 2001 and, as of March, 2005, was barred from removal by the terms of § 1446(b).

Defendants' final argument is that this Court should relieve them of removal bar of § 1446(b) because the equities involved auger in favor of doing so. Defendants' argument on this point is two-pronged. First, defendants assert that § 1446(b)'s time bar is procedural and not jurisdictional, allowing this Court to refuse to apply it where it would be inequitable to do so. Second, defendants assert that the unique circumstances of this case justify application of this equitable exception §1446(b). The Court is not persuaded on either point.

As to the first issue, though some courts have held that § 1446(b) is not jurisdictional and, thus, can be flexibly applied, the Sixth Circuit has not done so; indeed, it has said the opposite. *Brock v. Syntex Lab., Inc.*, 6th Cir. App. Nos. 92-5740 & 92-5766, 1993 U.S. App. LEXIS 25714 (6th Cir. 1993). This Court is bound by unequivocal Sixth Circuit precedent unless and until it is overruled by that Court or the Supreme Court.

Even if this Court were free to ignore the bar of § 1446(b) in an appropriate case, moreover, this is

5

not such a case. The "equities" to which defendants point are the fact that plaintiffs obtained their underlying judgment following a trial where Hi-Port, the original defendant, did not appear, and that the state court acted without adequate legal authority when it allowed the post-judgment proceedings to take the course they have taken. The Court finds nothing inequitable here, either pre or post-judgment. Plaintiffs were well within their rights to proceed to judgment even absent an objecting defendant. Hi-Port was on notice of the claims against it (as were the current defendants, by the way) and, after participating in the initial stages of the litigation, chose not to appear at trial. Similarly, plaintiffs sought leave to institute post-judgment proceedings to enforce their judgment and cited the Court to the legal authority under which they believed they had the right to do so. The fact that the trial court agreed with plaintiffs' interpretation of state law supports the conclusion that, even if wrong, plaintiffs' position was not frivolous. In these circumstances, the Court finds that, if it had the equitable discretion to disregard the mandate of § 1446(b), it would not exercise that discretion in this case.

### III.

For these reasons, the Court concludes that 28 U.S.C. § 1446(b) requires (or at least counsels in favor of) remand of this action the Cuyahoga County Court of Common Pleas; plaintiffs' Motion to Remand is **GRANTED**. After careful consideration, however, the Court finds that an award of fees to plaintiffs in connection with the removal and remand is not appropriate, that portion of plaintiffs' motion is accordingly, **DENIED**.

**IT IS SO ORDERED.**

                                                                                     s/Kathleen M. O'Malley  
                                                                                      **KATHLEEN McDONALD O'MALLEY**  
                                                                                       **UNITED STATES DISTRICT JUDGE**

**Dated**: July 20, 2005